# RAYMOND AND RAYMOND

### ATTORNEYS AT LAW
7 GLENWOOD AVENUE, 4th FLOOR, STE. 408
EAST ORANGE, NEW JERSEY 07017
--------
TELEPHONE: (973) 675-5622
TELEFAX: (408) 519-6711
VOICE MAIL: (815) 642-4613
EMAIL: BANKRUPTCY123@COMCAST.NET

April 26, 2013

Honorable Novalyn Winfield, U.S.B.J.
U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102

    Re: Michele and Dianne Vitale
        13-17497
        Chapter 13
    Proceeding: Motion to Extend Automatic Stay
    Hearing Date: April 30, 2013 @ 9:00 am

Dear Judge Winfield:

    Please accept this letter in opposition to the above matter.

    My office represented the debtors in their previous chapter 13 and are still owed a balance of $3,396.26 in legal fees from the previous case.

    My office joins in all other objections to the above matter.

    In addition, there are several other points I want to make.

    First and foremost, the debtors are arguably not even eligible to be debtors in the instant matter. Section 109(g)(2) of the Code provides that no individual who has been a debtor in the previous 180 days may be a debtor if they have requested the voluntary dismissal of the case following the filing of a motion for relief from the automatic stay.  On February 4, 2013, US Bank, the holder of the mortgage on the debtors' residence, was granted relief from the stay due to a substantial arrearage of post-petition mortgage payments.  Barely five weeks later on March 13, the debtors, through their new counsel, filed a motion for voluntary dismissal of their case (interestingly enough on the basis of a lack of trustee payments).  The terms of the order and motion provided for the case to be dismissed automatically

with no hearing date.  However, due to a misunderstanding of the actual procedure of voluntary dismissal, the case was not, in fact, automatically dismissed, and the court clerk instructed the debtor to re-file the motion under the proper procedure which would be to set a hearing date.  In the meantime, the case happened to be dismissed pursuant to a trustee motion on March 28, 2013.  A mere 10 days later on April 8, 2013, the instant case was filed.  So clearly, this bad faith conduct meets the spirit of 109(g)(2) which prevents the immediate filing of a bankruptcy after a request for voluntary dismissal in order to re-gain the benefit of the automatic stay.  Based on this, it would appear that the debtors are not eligible for any bankruptcy relief for a period of six months from the filing of their motion for voluntary dismissal.  The court should not reward such bad faith conduct which this provision of the code was designed to enforce.

    And the bad faith does not stop there.  My office did not even have notice of the filing until the debtors notified us in response to a letter sent to them regarding our unpaid fees.  Looking at the creditor matrix, it appears hardly anyone else received notice either.  Perhaps most surprisingly, Grove Healthcare, who the debtors had been embroiled in a long drawn out adversary proceeding in the prior case, was not listed either.  It is inconceivable that the debtors could not know Grove were a creditor.  Yet they signed the pleadings under oath that it was a complete an accurate list of all creditors.  Possibly, this was an attempt to stall and delay the adversary proceeding that is likely to be filed in this case. In addition, it does not appear the proper mortgage company nor any of the hundreds of other creditors listed in the prior bankruptcy received notice either.  While counsel asserts in his application to extend time to file missing documents that my office incorrectly listed creditors in their prior case (which I take objection to as a painstaking amount of time was spent reviewing each and every one of those creditors with the debtors in the prior case), surely not everyone of those was incorrect yet it appears hardly any were listed this time around.  Indeed, in the prior case filed by my office, the Statement of Financial Affairs listed no less than 13 lawsuits which had been filed against the debtors yet hardly any effort was made to provide these creditors with notice.  So it appears the debtors made no good faith attempt to notify creditors of this bankruptcy.  This is also the debtors third chapter 13 filing within the last 10 years.  One would imagine that they should be familiar with the process.

    In addition, the certification of counsel makes absolutely no sense.  Counsel essentially says the last case was dismissed due to a breakdown in communications between my office and the debtors.  This is preposterous, especially considering that the

debtors themselves voluntarily attempted to dismiss their case. In addition, while there may have been a break down of communication between my office and the debtors, they obviously understood that they still needed to continue trustee payments. There is no reason to believe their failure to make trustee payments could be related to a break down in communications. In addition, current counsel substituted into the case before the case was dismissed. There is a real likelihood he could have been able to work out a cure order with the trustee's office on their motion to dismiss if the debtors had desired to do so. Instead, they actively sought dismissal to reinstate the automatic stay, as discussed above, as well as avoid paying my office's attorney fees. It also does not make sense that an illness prevented the debtors from continuing the case. The case was only dismissed last month. If they could not make trustee payments then, it would appear they would be unable to so now barring a miraculous recovery. Similarly, if a cure order could have been worked out with the trustee, trustee payments could have resumed possibly this month. Or a modified plan could have been filed temporarily reducing payments. This case was not dismissed many months ago. It was less than one month ago. It would not appear, based on counsel's certification, that there has been any changed circumstances to give the court faith to believe this case will successfully complete or was filed in good faith.

    Accordingly, I would ask that the court deny the debtors' Motion to Extend the Automatic Stay.

    Respectfully Submitted,

    /s/ HERBERT B. RAYMOND, ESQ.
    ------------------------------
    Herbert B. Raymond, Esq.