

TRENK · DiPASQUALE
DELLA FERA · SODONO

**Jennifer D. Talley**
Associate
Direct: 973-323-8672
jtalley@trenklawfirm.com

347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052

P: 973-243-8600
F: 973-243-8677

May 7, 2013

4094-001

**VIA ECF**

Honorable Novalyn L. Winfield
United States Bankruptcy Court
King Federal Building
50 Walnut Street, Third Floor
Newark, NJ 07102

    Re:    **Grove Healthcare Center d/b/a Imperial Care Center v. Michele Vitale**
           **Case No. 13-17497 (NLW)**
           **Supplemental Objection to Debtors' Motion to Continue the Automatic Stay**

Dear Judge Winfield:

       This firm represents creditor Grove Healthcare Center d/b/a Imperial Care Center ("ICC"), creditors in the above-referenced bankruptcy proceeding. Please accept this supplemental letter brief in further objection to the Motion of Michele and Dianne Vitale ("Debtors") to continue the automatic stay (the "Motion"). ICC hereby incorporates by reference its previous objection filed on April 15, 2013 as Docket No. 17.

### FACTUAL BACKGROUND

       On April 30, 2013, this Court heard Debtors' Motion. Pursuant to Your Honor's ruling, Debtors were ordered to file their Missing Schedules and a Chapter 13 Plan no later than Monday, May 6, 2013. Additionally, Debtors were afforded the opportunity to submit supplemental certifications and pleadings in order to meet the burden set forth in section 362(c)(3)(B) of the Bankruptcy Code.

       On May 6, 2013, Debtors filed their Missing Schedules. Docket No. 25. Additionally, on May 6, 2013, Debtors each filed a Certification in Support of Debtors' Motion for an Order Continuing the Automatic Stay. Docket Nos. 27 and 28. Debtors' son, Matthew Vitale, filed a Certification in Support of Debtors' Motion. Docket No. 29. Thereafter, Debtors filed a letter memorandum in support of Debtors' Motion.

Hon. Novalyn L. Winfield, U.S.B.J.
May 7, 2013
Page 2

    In his certification, debtor Michele Vitale ("M. Vitale") certified that he suffered from an illness which caused Debtors to fall behind on their plan payments and their current monthly mortgage payments. Certification of M. Vitale ("M. Vitale Certif.") ¶7. Debtors' filed a letter from their doctor Tariq M. Syed, M.D. in support of the certification. Id. Dr. Syed stated that M. Vitale was out of work from March 27, 2012 to May 14, 2012. Id.

    Importantly, the certification of M. Vitale does not provide any information about Michele Vitale's current health condition. Specifically, the certification does not indicate whether he still suffers from this health condition, or how his condition has improved since that time. Additionally, Debtors made regular payments to the Chapter 13 Trustee during the time of M. Vitale's illness. Thus undermining their position that M. Vitale's illness is the reason why they defaulted.

    Debtors certify on Schedule "I" that their monthly gross wages are $4,851.56, and that that Dianne Vitale is unemployed. Docket No. 25. Debtors certify on Schedule "J" that their monthly mortgage payment is $1,401. Id. Therefore, Debtors' net monthly income is $303.85.

    Debtors certified in their previous schedules in Case No. 11-44048 (NLW) that their monthly gross wages were $4,026.53 net monthly income was $111.15. Notwithstanding the fact that the schedules reflect that Debtors have increased net income, Michele Vitale certifies that his salary has "decreased because a loss of overtime." Vitale Certif. ¶30.

    Finally, the certification of Debtors' son states that he can contribute $70 toward his parents' plan payments.

## LEGAL ARGUMENT

### Standard for Reimposition of Stay

    As set forth in ICC's previous objection, a debtor may seek to extend the stay only upon notice and a hearing, with any such motion to be returnable and granted no later than thirty (30) days after the Second Case was filed, or by May 8, 2013. 11 U.S.C. § 362(c)(3)(B).

    In assessing this standard, the central focus of the court is whether the debtor can show, with clear and convincing evidence, that the current case will not fail like the previous case. In re Hall, 2012 WL 5356019 at *1 (Bankr. E.D. KY October 30, 2012). Additionally, with respect to a prior dismissal of a chapter 13 case, the two primary inquiries the court considers are the reasons why the previous plan failed, and what has changed in the debtor's circumstances so that the present plan is successful. Id. Therefore, the debtor must "sufficiently demonstrate changed circumstances or other reasons for success in the present case." Id.

    In Hall, the Debtors filed an affidavit which described the reason for the failure of the prior case, but did not provide any indication that the debtors would be able to perform their obligations under the Code in the subsequent case. Id. The court noted that the lack of

Hon. Novalyn L. Winfield, U.S.B.J.
May 7, 2013
Page 3

information regarding the debtors' current ability to perform did not provide any assurance to the court. Id. at 2.

Despite the Certifications, Debtors are unable to prove, by clear and convincing evidence, that the Second Case was filed in good faith. Like the Debtors in Hall, Debtors set forth the reasons for the dismissal of their First Case, but fail to explain why and how they will be able to perform their obligations under the Code in this case.

Additionally, Debtors state that Michele Vitale's illness contributed to Debtors' inability to make plan payments and monthly mortgage payments. Debtors continued to make plan payments to the Chapter 13 Trustee during the pendency of Michele Vitale's illness, however.

Moreover, Debtors have failed to prove, by clear and convincing evidence, that there are any changed circumstances that support continuation of the automatic stay. A review of Debtors' previous filed schedules in Case No. 11-44048 and recently filed schedules in this case indicates that Debtors net monthly income has increased by $825.03. Debtors' schedules directly contradict Michele Vitale's certification which states that Michele Vitale's salary has decreased due to a loss of overtime. M. Vitale Certif. ¶30. Debtors fail to set forth any coherent argument or evidence supporting their contention that the stay should continue.

Finally, Debtors' son's willingness to help fund Debtors' Chapter 13 Plan is inconsequential, as Debtors' son has absolutely no obligation to make any payments on his parents' behalf and is not a debtor in this bankruptcy case.

## Conclusion

Based on the foregoing, ICC respectfully requests that the Court deny Debtors' Motion.

Thank you for the Court's consideration.

    Respectfully submitted,

    /s/Jennifer D. Talley

    Jennifer D. Talley

cc:     Joseph Mania, Esq. (via email)
       Herbert Raymond, Esq. (via email)

719499_1