# RAYMOND AND RAYMOND

## ATTORNEYS AT LAW

### 7 GLENWOOD AVENUE, 4th FLOOR, STE. 408
### EAST ORANGE, NEW JERSEY 07017

--------

TELEPHONE: (973) 675-5622
TELEFAX: (408) 519-6711
VOICE MAIL: (815) 642-4613
EMAIL: BANKRUPTCY123@COMCAST.NET

June 4, 2013

Honorable Novalyn Winfield, U.S.B.J.
U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102

     Re: Michele and Dianne Vitale
       13-17497
       Chapter 13
     Proceeding: Confirmation Hearing
     Hearing Date: June 13, 2013 @ 9:00 am

Dear Judge Winfield:

    Please accept this letter in opposition to the above matter and as a request for a dismissal of the case.

    This opposition is necessarily of a somewhat limited nature due to the fact that the debtors have failed to attend a 341a hearing at this point. Therefore, my office has yet to have a chance to fully interrogate the debtors on perceived budgetary issues. For instance, there is no bump up in plan payments when the car loan ends in 18 months. The plan doesn't appear feasible since the debtor testified at the hearing on the extension of the automatic stay that he is, in fact, not earning as much income currently as indicated on schedule I due to a loss of part time work. There are charitable expenses on schedule J although no charitable contributions are listed on statement of financial affairs. Pet insurance is budgeted although no animals are listed on schedule B. There are several others as well but it should seem clear there are major issues preventing confirmation even if a hearing had been held. If a 341 is conducted these questions will be raised and this objection will be supplemented as necessary.

    However, it should cause the court serious alarm that no 341 has yet to be conducted. My office actually attempted to appear

at the 341 but was notified by the trustee at the scheduled time and date that the hearing was not being conducted due to missing documents.  It appears these missing documents have yet to be provided as presumably the trustee would have scheduled a new hearing by now.  A new hearing has yet to be scheduled.  Based on the debtors' failure to provide these documents 60 days into the case, it appears they are not proceeding in good faith and just using this bankruptcy as a stall mechanism against creditors. At the hearing on the extension of the automatic stay, the debtors were given a chance just by the skin of their teeth to demonstrate their earnestness in the matter over the adamant objection of several creditors.  They have failed to do so. The court should rightfully dismiss the case at this point.

In addition, a look at the docket reveals that their has been no settlement of the issues with Grove Health Care.  The court made very clear at the hearing on the extension of the stay that this was the linchpin of this case.  Due to the fact that supplemental counsel fees doomed their last case, it was made clear that the debtors could not afford any litigation costs in this matter which could only be avoided by a expeditious settlement of the matter.  Indeed, counsel himself stated at the hearing that "the case was likely going nowhere if a resolution couldn't be reached in 30 days."  The 30th day is this upcoming Thursday.  So by counsel's own admissions, the chance of this case going anywhere appears to be slim to none.

Finally, the debtors are delinquent with their June payment to the trustee.  The debtors hyped up the fact at the hearing last month that they had made their May payment as a demonstration of their good faith, but less than one month later and there is already a delinquency. One would think the debtors would be well aware of the crucialness of making timely trustee payments at this point.

Based on the court's graciousness in allowing the case to proceed this far one would think the debtors would be doing everything possible to go forward in this case.  However, the debtors have yet to even provide the documents necessary for a 341 examination or make timely trustee payments.  This shows a lack of a good faith attempt at reorganization on the debtors' part and contrary to the expectations of the court when it put a tight leash on the debtors' case last month.

I would thereby request that the debtors' case be dismissed.

Respectfully Submitted,

/s/ HERBERT B. RAYMOND, ESQ.
----------------------------

Herbert B. Raymond, Esq.